# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NICHOLAS LEON RUSK,<br><br>Plaintiff,<br>v.<br><br>DONALD JOHN TRUMP,<br><br>Defendants. | Case No. 26-CV-1788-JPS<br><br>**ORDER** |

## 1. INTRODUCTION

In September 2026, Plaintiff Nicholas Leon Rusk ("Rusk"), who is currently incarcerated in Illinois and proceeds pro se, sued Defendant Donald John Trump ("Trump") for purported violations of his civil rights. ECF No. 1. Rusk also moves for leave to proceed without prepaying the filing fee. ECF No. 2. This Order screens Rusk's complaint, and finding that it is frivolous, dismisses the case and denies the pending motion as moot.

## 2. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

Because the Court finds that the complaint is frivolous and the case will be dismissed, *see infra* Section 3.3, the Court will deny Rusk's motion for leave to proceed without prepaying the filing fee as moot.

## 3. SCREENING THE COMPLAINT

### 3.1 Legal Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous" or "malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1992)); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health*

*Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 3.2 Factual Allegations

Rusk sues Trump for his "efforts to end the exist[e]nce of the entire federal government," including eliminating funding for the Center for Prevention of Domestic Abuse in Rusk County, Wisconsin. ECF No. 1 at 2. Rusk alleges that this was a violation of federal law. *Id.* at 3. Further, Rusk alleges that he was personally harmed by Trump's action because he is himself being domestically abused in Illinois. *Id.* Rusk further says that Trump ordered that Rusk's 21-year-old blind son's Social Security Number be erased. *Id.*

The remainder of the complaint outlines various theories Rusk has about his criminal prosecutions and civil cases he has filed, and how the

numbers of those cases seem to coincide with events in Rusk's life.[1] *Id.* at 5–8.

### 3.3 Analysis

Rusk cannot proceed on a claim against Trump. Even if Rusk had standing to sue over elimination of federal funding to a program that he has not alleged he participated in, or to sue on his adult son's behalf, Trump is immune from civil suit for actions taken in his role as President. *Nixon v. Fitzgerald*, 457 U.S. 731, 757 (1982).

Turning to the rest of the complaint, notwithstanding the district court's obligation to "accept as true all of the well-pleaded facts in the complaint," *Kubiak*, 810 F.3d at 480–81 (citation omitted), it is not required "to accept fantastic or delusional factual allegations." *Holland v. City of Gary*, 503 F. App'x 476, 477 (7th Cir. 2013) (citing *Nietzke*, 490 U.S. at 327–28; *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009); and *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002)).

Rusk's allegations do not make enough narrative sense for the Court to even begin determining what happened to him or on what, if any, legal claims he could proceed. The allegations do not provide "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555, or permit the Court to discern even a basic theory of Rusk's case.

Because the complaint is largely fantastical and the allegations that do make sense do not support federal causes of action, the Court will

---

[1] Rusk includes his entire Social Security Number in the complaint. The Court will direct that the complaint be placed under case participant-only restriction. *See* FED. R. CIV. P. 5(a)(1).

dismiss this case as frivolous. The Court has no reason to think that Rusk could cure this problem through amending the complaint. Accordingly, the Court will not give him leave to amend before dismissing his case. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) (citing *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (noting that the district court need not grant leave to amend where "any amendment would be futile").

## 4. CONCLUSION

For the reasons stated above, the Court will deny as moot Rusk's motion for leave to proceed without prepayment of the filing fee and will dismiss this case. The dismissal will operate with prejudice because the complaint is frivolous. *El v. AmeriCredit Fin. Servs.*, 710 F.3d 748, 751 (7th Cir. 2013) ("When a case of which the court has jurisdiction is dismissed because it . . . [is] frivolous . . . , the dismissal is a merits determination and is therefore with prejudice.").

Accordingly,

**IT IS ORDERED** that Plaintiff Nicholas Leon Rusk's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED with prejudice.**

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of November, 2026.

BY THE COURT:

________________________________

J. P. Stadtmueller

U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See FED. R. APP. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* FED. R. APP. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* FED. R. CIV. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.